UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, a minor, Individually and as Successor in Interest to Decedent Victoria DiSilvestro, by and through his Guardian ad Litem, LENA J. TYRON; LENA J. TYRON, as Personal Representative of the Estate of Victoria DiSilvestro; CHARLES THOMAS MARTIN, JR., Individually and as Successor in Interest to Victoria DiSilvestro; CARL DISILVESTRO, a minor, Individually and as Successor in Interest to Decedent Victoria DiSilvestro, by and through his Guardian ad Litem, MARY DISILVESTRO,<br><br>Plaintiffs,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC.,<br><br>Defendant,_____/ | No. 09-CV-06027 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss and to Strike Portions of First Amended Complaint** |

Plaintiffs Anthony Bookhamer ("Bookhamer"), Lena J. Tyron, Charles Thomas Martin, Jr., Carl DiSilvestro and Mary DiSilvestro (collectively "plaintiffs") filed this action against defendant Sunbeam Products, Inc. ("Sunbeam") seeking recovery for the damages caused by an alleged defect in a Sunbeam electric blanket[1] product. Now before the court is Sunbeam's motion to dismiss and strike portions of the first amended complaint. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[2]

On January 11, 2009 a Sunbeam electric blanket caught fire or overheated to the point of igniting combustible materials with which it was in contact in the home of Victoria DiSilvestro ("DiSilvestro"), where DiSilvestro lived with her minor son, Bookhamer. As a result of the fire, DiSilvestro suffered personal injuries and was killed, Bookhamer suffered disfiguring and disabling permanent injuries and all of DiSilvestro and Bookhamer's personal property was destroyed. Plaintiffs claim that at the time of the fire, DiSilvestro was using the blanket in a manner that was or should have been reasonably expected by Sunbeam.

As a general matter, plaintiffs allege that the Sunbeam blanket was defective in design, that Sunbeam was aware of the defect and aware that the defect had caused other fires, but that Sunbeam negligently failed to warn the public or eliminate the risk of fire. Of specific relevance to the instant motion, plaintiffs allege, upon information and belief, that Sunbeam made the decision not to report potential product hazards to the United States Consumer Product Safety Commission ("CPSC"), as required by the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2064(b), despite having knowledge of flaws in the product's design and the dangerous conditions they created.

Plaintiffs have alleged causes of action for: 1) strict liability for personal injury and wrongful death, Cal. Civ. Proc. Code § 377.60; 2) a survival action for strict liability, Cal. Civ. Proc. Code § 377.20; 3) negligence causing personal injury and wrongful death, Cal. Civ. Proc. Code § 377.60; 4) a survival action for negligence, Cal. Civ. Proc. Code § 377.20; 5) breach of implied warranty for personal injuries and wrongful death, Cal. Civ. Proc. Code § 377.60; and 6) a survival action for breach of implied warranty, Cal. Civ. Proc. Code § 377.20. Plaintiffs have asked for attorneys' fees in connection with the fifth and sixth causes of action in addition to economic and non-economic relief. Plaintiffs further claim that the actions of Sunbeam were "willful, wanton, malicious, oppressive, fraudulent, reckless and with conscious disregard for the safety of the consuming public, including decedent and plaintiff Anthony Bookhamer" and therefore pray for punitive damages.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___U.S. ____, ____, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1940; see also *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Federal Rule of Civil Procedure 12(f) authorizes a court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id.* The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See id.* A district court properly grants a "motion to strike for the purpose of streamlining the resolution of the action and focusing the jury's attention on the real issues in the case." *Id.* at 1528

1  (citing *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D.
2  Cal.1981)).

### DISCUSSION

Sunbeam has moved to strike the following from plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure: the phrase "enduring pain and suffering" in paragraph 18; reference to "Anthony Bookhamer, Charles Thomas Martin Jr. and Carl DiSilvestro as successors in interest of decedent Victoria DiSilvestro" in paragraphs 102, 153, and at page 40, lines 8-9; the phrase "loss of income and earning capacity" in paragraphs 104, 155; the phrase "and plaintiffs suffered the injuries and damages otherwise claimed herein," in paragraphs 126, 177; the phrase "and her successors in interest" in paragraphs 134, 185; the claims for "[l]oss of income and earning capacity" and "[l]oss of income and earning capacity of Victoria DiSilvestro" at page 40, lines 11 and 15. Sunbeam has also moved to dismiss counts five and six of the complaint, for breach of implied warranty, as well as plaintiffs' claim for attorneys' fees. In addition, Sunbeam requests that paragraphs 57 through 72; 90(g), (h) and (s); 111; 112; 121; 141(g), (h) and (s); 162; 163; and 172, relating to its alleged non-compliance with the CPSA, 15 U.S.C. § 2051 *et seq.*, be stricken because they allege facts which support a legally untenable theory of liability. Specifically, Sunbeam moves to strike these portions of the complaint on the grounds that there exists no claims that can legally be predicated, directly or indirectly, on the CPSA.

In their opposition and at the hearing on the motion, plaintiffs agreed to strike all but the paragraphs relating to Sunbeam's alleged violation of the CPSA. Plaintiffs have also agreed to dismiss their fifth and sixth causes of action as well as their prayer for attorneys' fees, but request that the dismissal be without prejudice. Accordingly, the phrase "enduring pain and suffering" in paragraph 18; reference to "Anthony Bookhamer, Charles Thomas Martin Jr. and Carl DiSilvestro as successors in interest of decedent Victoria DiSilvestro" in paragraphs 102, 153, and at page 40, lines 8-9; the phrase "loss of income and earning capacity in paragraphs 104, 155; the phrase "and plaintiffs suffered the injuries and damages otherwise claimed herein," in paragraphs 126, 177; the

4

phrase "and her successors in interest" in paragraphs 134, 185; the claims for "[l]oss of income and earning capacity" and "[l]oss of income and earning capacity of Victoria DiSilvestro" at page 40, lines 11 and 15, are stricken from the first amended complaint. In addition, the fifth and sixth causes of action for breach of implied warranty, as well as the claim to attorneys' fees are dismissed without prejudice.

Given plaintiffs' concessions, all that remains to be resolved regarding Sunbeam's motion is whether or not to strike plaintiffs' allegations related to the CPSA. The CPSA mandates that manufacturers and distributors of consumer products disclose certain incidents to the CPSC. Specifically, under 15 U.S.C. section 2064(b), a manufacturer or distributor who obtains information that reasonably supports the conclusion that a product:

> (1) fails to comply with an applicable consumer product safety rule or with a voluntary consumer product safety standard upon which the Commission has relied under [18 U.S.C. § 2058];
>
> (2) fails to comply with any other rule, regulation, standard, or ban under this chapter or any other Act enforced by the Commission;
>
> (3) contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section; or
>
> (4) creates an unreasonable risk of serious injury or death,

must immediately provide the CPSC with the information it needs to determine whether remedial action is necessary to protect the public from harm. 15 U.S.C. § 2064(b).

Plaintiffs' complaint and moving papers are less than clear regarding exactly how they seek to wield the CPSA. The allegations in the complaint suggest that plaintiffs are attempting to state a direct claim under section 2064(b) of the CPSA. Plaintiffs allege that although Sunbeam was aware of the hazards associated with its product, Sunbeam "made the corporate decision not to fully report to the United States Consumer Product Safety Commission, pursuant to 15(b) of the Consumer Product Safety Act, 15 U.S.C. § 2064(b) and 16 C.F.R. § 1115 . . . ." Compl. ¶ 70. Plaintiffs further allege that "[b]ecause Sunbeam did not properly report to the CPSC, plaintiffs lost the benefit of the protection intended to be provided to her and her family by the CPSA." *Id.* ¶ 71.

5

Plaintiffs' moving papers present a different approach to the CPSA. Plaintiffs concede, as they must, that there exists no private right of action under 15 U.S.C. section 2064(b) of the CPSA. *See* Docket No. 25 (Opp'n) at 9; *see In Re All Terrain Vehicle Litig. v. Hondo Motor Co. Ltd.*, 979 F.2d 755, 756 (9th Cir. 1992) (holding that there is no private right of action under section 2064(b)). Instead, plaintiffs assert that their CPSA-related allegations are pled for three purposes: (1) to support a direct action under 15 U.S.C. section 2072(a), which permits private suits by any person injured "by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission," 15 U.S.C. § 2072(a); (2) to state a negligence *per se* claim predicated upon a violation of 15 U.S.C. section 2064(b) or 2072(a); and (3) to provide factual support for their claim for punitive damages.

At the hearing on the motion, plaintiffs again changed their theory of CPSA-related relief. Plaintiffs conceded that, given the allegations in their complaint, they could not bring a direct action under section 2072(a). And plaintiffs also explained (somewhat confusingly) that they were not seeking to state a claim for negligence *per se* predicated on a violation of the CPSA.

In light of plaintiffs' concessions, the court need not resolve the statutory interpretation[3] and preemption[4] questions raised by defendant's motion. The court notes, however, that even if a direct action under section 2072(a) or a negligence *per se* claim were legally viable, plaintiffs have failed entirely to aver how Sunbeam's failure to comply with the CPSA was the proximate cause of plaintiffs' injuries, as would be required for either type of claim. *See* 15 U.S.C. § 2072(a) ("[A]ny person *who shall sustain injury by reason of* any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order. . . .") (emphasis added); Cal. Evid. Code § 669 (specifying that the second element of a negligence *per se* claim is that "the violation [of a statute, ordinance, or regulation of a public entity] *proximately caused* death or injury to person or property") (emphasis added); *see Williams v. Hilb, Rogal & Hobbs Ins. Services of Cal., Inc.*, 177 Cal. App. 4th 624 (2009) (Under [Evidence Code section 669], a person's negligence is presumed if he violated a statute and the violation "proximately caused death or injury to person or

6

property," *and* the death or injury resulted from an occurrence "of the nature which the statute ... was designed to prevent," *and* the person suffering the death or injury was one of the class of persons for whose protection the statute was adopted.) (quoting Cal. Evid. Code § 669) (emphasis in original); *see also Silver v. Nat'l Presto Indus., Inc.*, 884 F.3d 1383 (6th Cir. 1989) (noting, upon review of a motion for summary judgment, the importance of a causal connection between the conduct and the injury; "Even if [defendant] was negligent in failing to report the injuries to the CPSC, there was no evidence that [defendant's] negligence proximately caused the accident and resultant injuries here."). Accordingly, to the extent that the complaint could be read to state a direct cause of action under any provision of the CPSA or a negligence *per se* claim predicated on alleged violations of the CPSA, such claims are dismissed.

The court declines, with one exception, to strike plaintiffs' factual allegations regarding Sunbeam's failure to comply with the CPSA. Such allegations directly relate to plaintiffs' prayer for punitive damages. Specifically, these allegations support plaintiffs' claim that Sunbeam's conduct "was with malice in that it was despicable, with a willful and conscious disregard for the rights and safety of others." *See* Compl. ¶¶ 90(s); 141(s); 121; *see also Lackner v. North*, 135 Cal. App. 4th 1188, 1211 (2006) (finding that following legislative amendment to California definition of "malice" in 1987, conscious disregard of the plaintiff's rights requires proof that the defendant's conduct is "despicable" and "willful" and that the amendment represents a "new substantive limitation on punitive damage awards"). Accordingly, Sunbeam's motion to strike paragraphs 57 through 70; 72; 90(g), (h) and (s); 111; 112; 121; 141(g), (h) and (s); 162; 163; and 172 is DENIED. Paragraph 71, however, is stricken in its entirety because the causal nexus that appears to be alleged cannot be a separate basis for liability.

7

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss and strike is GRANTED in part, and DENIED in part.

The phrase "enduring pain and suffering" in paragraph 18; reference to "Anthony Bookhamer, Charles Thomas Martin Jr. and Carl DiSilvestro as successors in interest of decedent Victoria DiSilvestro" in paragraphs 102, 153, and at page 40, lines 8-9; the phrase "loss of income and earning capacity in paragraphs 104, 155; the phrase "and plaintiffs suffered the injuries and damages otherwise claimed herein," in paragraphs 126, 177; the phrase "and her successors in interest" in paragraphs 134, 185; the phrases "[l]oss of income and earning capacity" and "[l]oss of income and earning capacity of Victoria DiSilvestro" at page 40, lines 11 and 15; and the entirety of paragraph 71 shall be stricken.

Counts five and six of the complaint for breach of implied warranty, as well as plaintiffs' related claim for attorneys' fees, are dismissed without prejudice.

In addition, to the extent plaintiffs seek to assert either a direct action under 15 U.S.C. section 2064(b) or 2072(a) or a negligence *per se* claim predicated upon defendant's failure to comply with the CPSA, such claims are dismissed.

Defendant's motion to strike paragraphs 57 through 70; 72; 90(g), (h) and (s); 111; 112; 121; 141(g), (h) and (s); 162; 163; and 172 is DENIED.

Within thirty (30) days of the date of this order, plaintiffs shall file a second amended complaint in compliance with this order. Defendant shall file an answer within thirty (30) days of the filing of the amended complaint.

IT IS SO ORDERED.

Dated: August 25, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8

**ENDNOTES**

1. Sunbeam states upon information and belief that the product is actually a mattress pad rather than an electric blanket. Whether the product was an electric blanket or a mattress pad is a dispute of fact not appropriate for resolution on a motion to dismiss. Moreover, whether the product was a blanket or a mattress pad is irrelevant to the resolution of the instant motion.

2. All facts are taken from the complaint, unless otherwise stated. *See* Docket No. 1 (Complaint).

3. The "product safety rule, or any other rule or order issued by the Commission" upon which plaintiffs attempt to base their section 2072(a) claim, 16 C.F.R. § 1115, merely provides an interpretation of 15 U.S.C. section 2064(b). 16 C.F.R. § 1115.1 ("The purpose of this part 1115 is to set forth the Consumer Product Safety Commission's interpretation of the reporting requirements imposed on manufacturers . . . by section 15(b) of the Consumer Product Safety Act, as amended (CPSA) (15 U.S.C. 2064(b))."). While the Ninth Circuit has not yet ruled on the matter, several circuits have held that 16 C.F.R. section 1115 is not the type of consumer product safety rule or order issued by the CPSC upon which a plaintiff can establish a private right of action under 15 U.S.C. section 2072(a). *See Drake v. Honeywell, Inc.*, 797 F.2d 603, 607-09 (8th Cir. 1986) ; *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936, 940-44 (7th Cir. 1988); *Benitez-Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F.2d 26, 35 (1st Cir. 1988), *cert. denied*, 489 U.S. 1018 (1989); *Kloepfer v. Honda Motor Corp., Ltd.*, 898 F.2d 1452, 1457-58 (10th Cir. 1990). As represented by the holding in *Drake*, these court have held that,

> Because the reporting rules, as interpretive rules, merely present the Commission's interpretation of the statute, but are not themselves law, [plaintiff's] claim that [defendant] violated 16 C.F.R. Part 1115 when it failed to report really amounts to a claim that [defendant] violated section 15(b) [later amended as 15 U.S.C. 2064(b)] of the Act. . . . Congress made clear, however, that no private action may flow from a violation of the Act.

*Drake*, 797 F.2d at 609. That said, some court have held that a violation of the Commission's interpretations of section 2064(b) can serve as a predicate for an action under section 2072(a). *See, e.g.*, *Brown v. Daisy Mfg. Co.*, 724 F. Supp. 44, 46 (N.D.N.Y. 1989); *Wilson v. Robertshaw Controls Co.*, 600 F. Supp. 671, 675 (N.D. Ind.1985).

4. Sunbeam argues vociferously that the CPSA preempts any negligence *per se* claim predicated upon a violation of the CPSA.