UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, | No. C-09-06027-EMC (DMR) |
| Plaintiff(s), | **ORDER RE PARTIES' JOINT DISCOVERY LETTER RE OKLAHOMA STATE RECORDS [DOCKET NO. 50]** |
| v. | |
| SUNBEAM PRODUCTS INC, | |
| Defendant(s). | |

Defendant Sunbeam Products, Inc. ("Sunbeam") seeks Oklahoma state and family court records ("the Files") relating to Plaintiffs Charles T. Martin, Jr., and Douglas DiSilvestro, two now-adult children of decedent Victoria DiSilvestro. In this wrongful death action, Plaintiffs and their paternal grandmother have asserted that the decedent provided her children with love, comfort, care, companionship, affections, and financial support. Sunbeam believes that the Files, which date back to the mid-1990s, contain information that may impeach Plaintiffs' anticipated testimony about the nature of their relationship with the decedent. To this end, Sunbeam filed a Petition for Disclosure of Confidential Records of Oklahoma Department of Human Services records and a Motion for Disclosure of Oklahoma Family Law Case No. J-95 in Oklahoma state court. Plaintiffs object to the release of the Files as irrelevant, unlikely to lead to discovery of admissible evidence, and protected by California's constitutional right to privacy. Plaintiffs ask the court to intervene in the Oklahoma

proceedings, as well as enter a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c).

The parties submitted a joint discovery dispute letter to the court. [Docket No. 50.] Four days later, the court ordered the parties to suspend further action in the Oklahoma state proceedings until the resolution of the present dispute. [Docket No. 53.] The court held a hearing on January 19, 2012. For the reasons below, the court denies Plaintiffs' requests without prejudice.

## Analysis

This case arises under diversity jurisdiction. In such instances, when resolving discovery disputes, the court must evaluate any asserted privileges in accordance with the law of the state in which the court sits -- in this case, California. *See* Fed. R. Evid. 501. California's constitution recognizes a right to privacy. *See* Cali. Const. art I, § 1. Although this right does not constitute a recognized privilege, federal courts often have considered it when deciding discovery disputes. *Raggae v. MCA/Universal Studios*, 165 F.R.D. 601, 604 n.3 (C.D. Cal. 1995).

However, the present dispute involves Oklahoma state records, which are subject to Oklahoma laws and administrative practices. When parties seek confidential records from a state government, notions of comity and federalism direct that "the parties should first request the release of such records from the appropriate state courts" or relevant administrative entity. *Knight v. McDaniel*, No. 00-CV-106, 2001 WL 87436, at *1 (N.D. Okla. Jan. 29, 2001) (footnote and citation omitted); *accord United States v. Pretlow*, 770 F. Supp. 239, 244 (D.N.J. 1991). As the United States Supreme Court has stated, comity necessitates

> a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. . . . What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Therefore, Oklahoma -- and not this Court -- has the authority to evaluate the merits of Defendant's Petition for Disclosure of Confidential Records of Oklahoma Department of Human Services and Motion for Disclosure of Oklahoma Family Law

Case No. J-95, all pursuant to its own laws. The court therefore permits the parties to continue with the Oklahoma state court proceedings.

Because the Oklahoma state court has not yet ruled on whether it will release the Files, the court concludes that it is premature to make any ruling on their discoverability in this case. If the Oklahoma court decides not to release the Files, the parties' discovery dispute will be moot. However, if the Oklahoma court releases the Files, and if Plaintiffs believe that, as a matter of California privacy law, the Files are insufficiently protected, or if Plaintiffs have clear, well-grounded arguments that the Files are not discoverable in this case, the parties shall meet and confer, and file a joint letter on any remaining discovery disputes.

IT IS SO ORDERED.

Dated: January 23, 2012

_____
DONNA M. RYU
United States Magistrate Judge