United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, | No. C 09-6027 EMC (DMR) |
| Plaintiff(s), | **ORDER RE JOINT DISCOVERY LETTER [DOCKET NO. 76]** |
| v. | |
| SUNBEAM PRODUCTS INC, | |
| Defendant(s). | |
| _____/ | |

The parties in this wrongful death and personal injury action filed a joint discovery letter. [Docket No. 76.] Defendant Sunbeam Products, Inc. asks the court pursuant to Federal Rule of Civil Procedure 37(c)(1) to exclude the testimony of five of Plaintiffs' witnesses, whom Plaintiffs disclosed after the August 24, 2012 deadline for completion of non-expert discovery. The court held a discovery hearing on September 27, 2012. This order memorializes the rulings made at the hearing.

**Background**

This case arises out of a fire, which led to the death of Victoria DiSilvestro. One of her sons, Plaintiff Anthony Bookhamer, was severely injured in the incident. Because Anthony Bookhamer is a minor, Plaintiff Lena J. Tryon, his maternal grandmother and mother of the decedent, represents him as his guardian *ad litem*. She also serves as the personal representative of Victoria DiSilvestro's estate. Plaintiffs Charles T. Martin, Jr. and Carl DiSilvestro are successors in

interest to Victoria DiSilvestro's estate.  On December 23, 2009, Plaintiffs filed this suit against Defendant, alleging multiple causes of action based upon the assertion that Defendant's allegedly defective electric mattress pad ignited the lethal fire.  [*See* Docket Nos. 1, 32.]

On August 28, 2012, Plaintiffs served Defendant with a document that identified several new potential witnesses, including John Tryon, the brother of Lena Tryon; Debbie Wakefield, a firefighter; and Shirin Ghaheri, M.D., and Jessica Kurtz, Plaintiff Anthony Bookhamer's mental healthcare providers.  On September 7, 2012, Plaintiffs served an additional supplemental disclosure, which identified Vernon Tryon, another brother of Lena Tryon, as a person who may have information relevant to the issues in this case, including the subject electric product.

Plaintiffs argue that the court should not exclude John and Vernon Tryon's testimony because Plaintiffs were not aware that they had discoverable information prior to the discovery cut-off. Plaintiffs also assert that Defendant knew of Debbie Wakefield, Dr. Shirin Ghaheri, and Jessica Kurtz before the discovery cut-off, obviating Plaintiffs' need to include these witnesses in their supplemental disclosures.  Specifically, Plaintiffs insist that Defendant was aware of these witnesses because Debbie Wakefield's name arose during a deposition on August 21, 2012, and because Defendant knew that Anthony Bookhamer had received mental healthcare from the institution where Dr. Ghaheri and Ms. Kurtz work.  Plaintiffs propose that the court extend the non-expert discovery cut-off date to allow Defendant to depose all of these witnesses.

**Applicable Law**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, a party's initial disclosures must identify witnesses "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a).  This duty encompasses an affirmative obligation to supplement the disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846 LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012) (ellipses in original) (quoting Fed. R. Civ. P. 26(e)(1)(A)).  "[I]ncidental discovery, particularly during a deposition, of information ordinarily subject to supplementation

2

satisfies the Rule 26(e)(1) duty as sufficiently as formal filing . . . ." *Nuance Commc'ns, Inc. v. Abbyy Software House*, No. 08-2912 JSW (MEJ), 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012) (footnote omitted) (ellipses in original) (quotation marks omitted).

If a party fails to identify a witness as required under Rule 26, Federal Rule of Civil Procedure 37(c) mandates that "'the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Medtronic, Inc. v. W.L. Gore & Assocs., Inc.*, No. 06-4455 JSW, 2008 WL 4225456, at *1 (N.D. Cal. Sept. 15, 2008) (quoting Fed. R. Civ. P. 37(c)(1)); *accord Apple, Inc.*, 2012 WL 3155574, at *4 (citation omitted).  The court need not make a finding of bad faith to exclude a non-disclosing party's witnesses under the Rule.  *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009) (citation omitted). To determine whether the failure qualifies as substantially justified or harmless, courts consider the following factors:

> "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence."

*S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, LP v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003))).  The non-disclosing party has the burden of proving "one of the two exceptions to [this] mandatory sanction[]." *Oracle USA, Inc.*, 264 F.R.D. at 545 (citation omitted).

## Discussion

The court declines to exclude the testimony of Dr. Shirin Ghaheri and Jessica Kurtz.  At the hearing, Plaintiffs confirmed that they intend to identify both of these individuals in their expert disclosures.  Defendant thereafter withdrew its request for exclusion.

With respect to John Tryon, Vernon Tryon, and Debbie Wakefield, the court finds their late disclosures neither harmless nor substantially justified.  Beginning with John and Vernon Tryon, and addressing the first factor, Plaintiffs untimely disclosed each of them as having knowledge about the electric mattress pad at issue in the case, as well as the smoke detectors in the decedent's apartment.

1  Prior to the disclosures, nothing would have alerted Defendant to the fact that they possessed such
2  information. Defendant structured its discovery efforts to develop all of the facts about the mattress
3  pad, such as when Victoria DiSilvestro acquired it, how long she had it, and what condition it was in
4  at the time of the fire. Plaintiffs never identified either witness as having pertinent responsive
5  information until after the close of discovery. As their disclosure clearly came as a surprise to
6  Defendant, the first factor weighs toward exclusion.

7  Similarly, Debbie Wakefield's name arose in the August 21, 2012 deposition of Cathleen
8  Woodward, three days before the discovery cut-off. Plaintiffs did not meet their burden of
9  establishing that this deposition effectively put Defendant on notice that Ms. Wakefield had
10 discoverable knowledge that would support Plaintiffs' claims. *Nuance Commc'ns, Inc.*, 2012 WL
11 2838431, at *2 (citations omitted). Thus, the first factor also weighs toward exclusion of Ms.
12 Wakefield.

13 As to the second factor, the court finds that Defendant could not easily cure its surprise
14 without excluding the Tryons' testimony. Non-expert discovery closed on August 24, 2012, and the
15 parties have represented that expert reports are due on September 28, 2012.[1] Defendant therefore
16 would have little time to compensate for the tardiness of the Tryons' disclosure before the summary
17 judgment process begins. However, Defendant could more easily overcome the prejudice it suffered
18 from Debbie Wakefield late disclosure because her testimony goes to damages, rather than the
19 merits of the case. The second factor therefore tilts toward excluding John and Vernon Tryon's
20 testimony, but not excluding Debbie Wakefield's. The third factor, though, counsels against
21 excluding any of these witnesses. Because trial will not begin until February 2013, the Tryons' and
22 Debbie Wakefield's testimony would cause little disruption in the actual trial.

23 Turning to the fourth factor, the court notes that John and Vernon Tryon's testimony goes
24 directly to a key aspect of the case. Plaintiffs allege that Defendant's product sparked the fire that
25 killed Victoria DiSilvestro and severely injured her son, Anthony Bookhamer. Although Plaintiffs
26 did not provide specifics about the facts to which each could attest, the potential importance of their

---

[1] This deadline does not coincide with the September 14, 2012 expert disclosure deadline ordered by Judge Chen. [Docket No. 63 at 1.]

evidence weighs against excluding their testimony from the case.  On the other hand, Debbie Wakefield's information about community support and fund-raising will implicate only the damages phase of the case, and, as Plaintiffs conceded during the hearing, to only a minor degree.  This factor weighs toward excluding her testimony.

The fifth factor weighs strongly toward excluding all three potential witnesses' testimony. John and Vernon Tryon are clients of Plaintiffs' counsel, so counsel has long known of their existence and had access to them.  During the discovery hearing, Plaintiffs' counsel conceded that John and Vernon previously had been interviewed, but that counsel had neglected to make sure that they were asked questions that would elicit the evidence for which counsel now wish to use them. With respect to Debbie Wakefield, Plaintiffs contend that the parties learned about her on August 21, 2012 during the deposition of Cathleen Woodward.  However, Plaintiffs have made no showing that the deposition revealed Debbie Wakefield to have any relevant knowledge that would have placed Defendant on notice of her becoming a witness.  Moreover, Plaintiffs inexplicably waited until August 28, 2012 to inform Defendant that she had material evidence.

Taking these factors together, the court concludes that they weigh in favor of excluding the testimony of John and Vernon Tryon, as well as Debbie Wakefield, and that Plaintiffs have not meet their burden of establishing that their late disclosures were harmless or substantially justified.

The court also denies Plaintiffs' request to set a new discovery cut-off date.  That power lies with the presiding judge.  *See Nuance Commn'cs, Inc.*, 2012 WL 2838431, at * 1.

IT IS SO ORDERED.

Dated:  October 1, 2012



_____
DONNA M. RYU
United States Magistrate Judge

5