UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, | No. C 09-6027 EMC (DMR) |
| Plaintiff(s), | **ORDER RE JOINT DISCOVERY LETTER [DOCKET NO. 73]** |
| v. | |
| SUNBEAM PRODUCTS INC, | |
| Defendant(s). | |

The parties in this wrongful death and personal injury action filed a joint discovery letter concerning a defense investigator's *ex parte* communication with Plaintiff Lena J. Tryon. [Docket No. 73.] The court held a discovery hearing on September 27, 2012. This order memorializes the rulings made at the hearing.

**Background**

This case arises out of a fire, which led to the death of Victoria DiSilvestro. One of her sons, Plaintiff Anthony Bookhamer, was severely injured in the incident. Because Anthony Bookhamer is a minor, Plaintiff Lena J. Tryon, his maternal grandmother and mother of the decedent, represents him as his guardian *ad litem*. She also serves as the personal representative of Victoria DiSilvestro's estate. Plaintiffs Charles T. Martin, Jr. and Carl DiSilvestro are successors in interest to Victoria DiSilvestro's estate. On December 23, 2009, Plaintiffs filed this suit against

1  Defendant, alleging multiple causes of action based upon the assertion that Defendant's allegedly
2  defective electric mattress pad ignited the lethal fire. [*See* Docket Nos. 1, 32.]

### The Joint Discovery Letter

This dispute concerns *ex parte* interviews of Plaintiff Lena Tryon and witness Susan Hazel that were conducted by a defense-retained investigator. Defense counsel had instructed the investigator to obtain criminal records regarding a sex offense conviction sustained by Carl Bookhamer, Sr. Unbeknownst to counsel, the investigator contracted with another investigator, and instructed that person to perform work well beyond the scope of the instructions provided by counsel. On August 21, 2012, the contracted investigator conducted a forty-five minute phone interview of Plaintiff Tryon, who is Mr. Bookhamer's former spouse. During the interview, Ms. Tryon provided contact information for Susan Hazel, who is also a former spouse of Mr. Bookhamer, as well as the stepmother of decedent Victoria DiSilvestro. As these calls were taking place, the retained investigator called a paralegal on the defense team to report in about the Tryon and Hazel interviews. The paralegal recognized the potential ethical violation, and instructed the retained investigator to stop all calls. As a result, although the contracting investigator completed the call with Ms. Tryon, the interview of Ms. Hazel was terminated after four minutes.

The paralegal reported the incident to defense counsel Garett Sanderson upon his return to the office late in the afternoon of August 21, 2013. Mr. Sanderson took immediate steps to research the matter. Early the following morning, Mr. Sanderson's office hand-delivered a letter to Plaintiffs' counsel which gave notice of the violation, included a redacted copy of the Tryon interview notes,[1] apologized for the contact, and apologized for the incident.

Thereafter, Plaintiffs' counsel cancelled the August 23, 2012 deposition of Carl Bookhamer, Sr. and brought the dispute to this court's attention. Plaintiffs ask the court to compel the deposition of Defendant's investigators prior to the deposition of Carl Bookhamer, Sr., and to

---

[1] The letter did not inform Plaintiffs' counsel about the Hazel interview, because Mr. Sanderson took the position that Defendant did not have knowledge that Ms. Hazel was represented, and that therefore, the investigator did not engage in any ethical improprieties by contacting her.

With respect to the interview notes, defense counsel only redacted the investigator's name and contact information.

2

preclude use of the information gleaned in the investigators' interviews in depositions or at trial. Defense counsel responds that they instructed the investigator to obtain criminal records only, and did not request interviews of Lena Tryon or Susan Hazel. They also stress that, based on the clear scope of the assignment, as well as past dealings with the same investigator, they had no reason to believe that the investigator would go beyond their instructions and contact or interview any witnesses. Defense counsel already have agreed that they will not use any of the information contained within the Tryon report, and not otherwise publicly available.

The court ordered defense counsel to submit for *in camera* review "(1) the instructions that counsel provided to the investigators hired to research Carl Bookhamer's criminal history and (2) unredacted versions of all notes created by the investigators as a result of their interviews with Lena Tryon and Susan Hazel." [Docket No. 75.] The court also instructed counsel to desist from discussing the interviews' contents with the investigators during the pendency of this discovery dispute. [Docket No. 75.] At the hearing, the court further ordered Mr. Sanderson to (1) submit a sworn declaration detailing the course of events in this incident, (2) instruct the investigator to send a copy of all notes to the court for review and safekeeping; and (3) notify the investigator that the self-initiated contact with Ms. Tryon had resulted in an ethical violation.

**The Rules of Professional Conduct and *Ex Parte* Communications**

This Court's local rules require attorneys practicing before the Court to observe the California Rules of Professional Conduct. N.D. Cal. Civ. L.R. 11-4(a). California Rule of Professional Conduct 2-100 states that, "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Cal. R. Prof. Conduct 2-100(A). Rule 3-110 requires attorneys to ensure that their employees and agents, such as private investigators, perform their duties in a competent manner. Cal. R. Prof. Conduct 3-110. Taken together, these rules support the tenet that a court may hold a litigant's counsel vicariously liable for "its investigator's intentional misconduct committed within the course and scope of employment." *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736, 769 (2007) (citations omitted); *see also Noble v. Sears, Roebuck & Co.*, 33 Cal. App. 3d 654,

663 (1973). Nevertheless, the court recognizes that enforcement of the California Rules of Professional Conduct and disciplining wayward attorneys does not fall within its ultimate responsibilities. *Cont'l Ins. Co. v. Superior Ct.*, 32 Cal. App. 4th 94, 111 n.5 (1995) (citing Cal. R. Prof. Conduct 1-100(A)) ("[T]he 'business' of the court is to dispose of 'litigation' and not to oversee the ethics of those that practice before it unless the behavior 'taints' the trial." (citations and quotation marks omitted)). Consequently, the court will impose only remedies that ensure that the continued fairness of the litigation. *See id.*

## Discussion

After a thorough review of the documents, the court finds that Defendant's counsel's instructions to the investigators were simply to investigate Carl Bookhamer's criminal history. The investigators went well beyond counsel's requests on their own accord. Moreover, upon learning of the investigators' contacts with Lena Tryon, counsel immediately instructed the investigators to terminate their investigation, promptly notified Plaintiffs' counsel of the occurrence, and disclosed the Lena Tryon interview report, redacting only the investigators' names and addresses. Finally, the court notes that the subject matter of the investigators' notes focuses solely on Carl Bookhamer's criminal history and record, and does not contain information relating to the case-in-chief.

At the hearing on this motion, in order to remedy any potential harm that Plaintiffs suffered as a result of these improper interviews, the court ordered that Defense counsel immediately provide a redacted copy of Susan Hazel's interview to Plaintiffs, since the investigator obtained Ms. Hazel's contact information through the improper contact with Ms. Tryon. Counsel was also ordered to file and serve a sworn declaration detailing the course of events leading up to and including their private investigators' interviews with Lena Tryon and Susan Hazel, and their law firm's subsequent actions. Defense counsel was instructed to contemporaneously send their private investigators a letter explaining that the court found their unauthorized contacts with Lena Tryon and Susan Hazel to be ethical violations, and lodge a copy of the letter with the court. Counsel was ordered to instruct the investigators to send their interview notes directly to the court by October 3, 2012 for review and safe-keeping. The defense may not use any information gained solely through the Tryon and Hazel

4

interviews for any purpose. Because the court finds these remedial measures sufficient, it denies Plaintiffs' request to depose the investigators.

IT IS SO ORDERED.

Dated: October 17, 2012

DONNA M. RYU
United States Magistrate Judge