United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY BOOKHAMER,

Plaintiff(s),

v.

SUNBEAM PRODUCTS INC,

Defendant(s).

_______________________________________/

No. C 09-6027 EMC (DMR)

**ORDER RE JOINT DISCOVERY LETTER [DOCKET NO. 74]**

The parties in this wrongful death and personal injury action filed a joint discovery letter with the court. [Docket No. 74.] Defendant Sunbeam Products, Inc. moves the court pursuant to Federal Rule of Civil Procedure 30(a)(2) to compel a further deposition of Plaintiff Mary DiSilvestro, whom Defendant originally deposed on September 29, 2011. Plaintiffs oppose the motion. The court held a discovery hearing on September 27, 2012 and, for reasons explained below, ordered supplemental briefing and took the matter under submission. After careful review of the parties' arguments and relevant evidence, the court denies Defendant's motion.

**I. Background**

This case arises out of a fire, which led to the death of Victoria DiSilvestro. One of her sons, Plaintiff Anthony Bookhamer, was severely injured in the incident. Because Anthony Bookhamer is a minor, Plaintiff Lena J. Tryon, his maternal grandmother and mother of the decedent, represents him as his guardian *ad litem*. She also serves as the personal representative of

United States District Court
For the Northern District of California

Victoria DiSilvestro's estate. Plaintiffs Charles T. Martin, Jr. and Carl DiSilvestro are successors in interest to Victoria DiSilvestro's estate. Mary DiSilvestro is the paternal grandmother of Plaintiff Carl DiSilvestro, and served as his guardian *ad litem* (and thus as a Plaintiff) until June 11, 2012. [*See* Docket No. 66.] On December 23, 2009, Plaintiffs filed this suit, alleging multiple causes of action based upon the assertion that Defendant's allegedly defective electric mattress pad ignited the lethal fire. [*See* Docket Nos. 1, 32.] Of relevance to the current motion, Plaintiffs Anthony Bookhamer, Charles T. Martin, Jr., and Carl DiSilvestro, children of the decedent, seek damages for the loss of her love, affections, care, and society.

**II. The Joint Discovery Letter and Hearing**

Defendant contends that the court should allow it to further depose Mary DiSilvestro because when it originally deposed her on September 29, 2011, she denied knowledge of the decedent's illicit drug use or neglect of her children. On July 16, 2012, however, Defendant obtained Oklahoma state and family court records ("the Oklahoma documents") from the late 1990s.[1] According to Defendant, the Oklahoma documents demonstrate that Mary DiSilvestro committed perjury in her deposition, because the documents reveal that she knew about the decedent's drug use and neglect. Because this information bears upon Plaintiffs' claims for loss of love, affections, care, and society, Defendant believes that it is entitled to re-depose Mary DiSilvestro on the subject of the decedent's substance abuse and treatment of her children. Defendant also seeks to re-depose her, with counsel other than her current lawyers, about any discussions that she had with her attorneys prior to and during her September 29, 2011 deposition under the crime-fraud exception to the attorney-client privilege. Defendant hopes to discover whether her counsel suborned the alleged perjury.

During the September 27, 2012 discovery hearing, Defendant raised for the first time the argument that, unless it redeposes Mary DiSilvestro and questions her about the inconsistencies between her earlier testimony and the Oklahoma documents, Defendant will have no means of attempting to enter the Oklahoma documents into the record because Ms. DiSilvestro is outside the geographical reach of a trial subpoena, and Plaintiffs do not intend to call her to testify. Plaintiffs

---

[1] Most of the records from the Oklahoma state proceedings date back to 1997 and 1998. The earliest is from 1994, and the most recent was created in 2001.

United States District Court
For the Northern District of California

contest that this presents a valid reason for reopening the deposition. They also aver that even if such reasoning were appropriate, Defendant took the depositions of the decedent's ex-husbands, and those depositions present substantially similar opportunities for Defendant to attempt to bring the Oklahoma documents into the case. The court took the matter under submission and ordered the parties to submit the following documents for *in camera* review:

> Defendant shall submit (1) the Oklahoma state and family court records that Defendant believes impeach Mary DiSilvestro's deposition testimony that she lacked knowledge of Victoria DiSilvestro's drug use and neglect of her children, and (2) the specific portions of Mary DiSilvestro's deposition testimony in which she asserts this lack of knowledge; and Plaintiffs shall submit the specific portions of the deposition testimony of Anthony Bookhamer's and Carl DiSilvestro's fathers which Plaintiffs contend obviate Defendant's need to redepose Mary DiSilvestro.

[Docket No. 80.]

## III. Reopening Mary DiSilvestro's Deposition

### A. Applicable Law

In the absence of a stipulation, a party must obtain leave from the court to re-open a deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii); *accord Couch v. Wan*, No. 08-1621, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012). Whether to re-open a deposition lies within the court's discretion. *Couch*, 2012 WL 4433470, at *3 (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996)). Absent a showing of "good need," such as "long passage of time with new evidence or new theories added to the complaint," a court generally will not order a re-opening. *Id.* (citing *Dixon*, 164 F.R.D. at 690; *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1990)). The court will not find good need if it determines that one of the following factors applies:

> (i) the discovery [second deposition] sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)) (brackets in original).

### B. Discussion

United States District Court
For the Northern District of California

Defendant had ample opportunity to obtain the information that it seeks from Mary DiSilvestro during the course of discovery. Defendant chose to depose Ms. DiSilvestro relatively early in discovery, rather than wait to depose her until after the Oklahoma state court ruled on Defendant's motion to obtain the Oklahoma documents. That Defendant made a tactical decision that resulted in a litigation disadvantage does not warrant the reopening of Mary DiSilvestro's deposition. Moreover, after reviewing the parties' *in camera* submissions, it appears that Defendant will have substantially similar opportunities to admit the Oklahoma documents into evidence through the cross-examination of the decedent's ex-husbands, Charles Martin and Joe DiSilvestro, both of whom were involved in the Oklahoma proceedings. Defendant has not shown good need for deposing Mary DiSilvestro, and the court therefore denies its request.

## IV. Deposing Mary DiSilvestro Through the Crime-Fraud Exception

### A. Applicable Law

Under the crime-fraud exception, the attorney-client privilege does not extend to situations when the client seeks advice that will serve her in the contemplated perpetration of a fraud or crime. *Nowell v. Super. Ct.*, 223 Cal. App. 2d 652, 657 (1963) (citations omitted). A court will invoke the exception only if the accusing party "make[s] a prima facie showing that . . . the client's purpose, before the [attorney-client] communication [wa]s received," was to commit a fraudulent or criminal act. *Id.*; *see Dollar Tree Stores, Inc. v. Toyama Partners LLC*, No. 10-325 SI (NJV), 2011 WL 5117565, at *1 (N.D. Cal. Oct. 28, 2011) (citation omitted). "The mere charge of illegality will not defeat the privilege." *Nowell*, 223 Cal. App. 2d at 657 (citation and quotation marks omitted).

### B. Discussion

Having reviewed the relevant documents, the court finds that Defendant has failed to show that the crime-fraud exception applies to Mary DiSilvestro's testimony concerning the decedent's drug use or neglect of her children. It is not self-evident from Defendant's *in camera* submissions, as Defendant contends, that Mary DiSilvestro perjured herself, let alone that her counsel suborned perjury. Because Defendant has not made a prima facie showing that Mary DiSilvestro sought advice from her counsel to commit perjury, the court will not interject itself into the relationship between Mary DiSilvestro and her attorney.

United States District Court
For the Northern District of California

**V. Conclusion**

For these reasons, the court denies Defendant's motion to reopen Mary DiSilvestro's deposition.

IT IS SO ORDERED.

Dated: October 19, 2012




DONNA M. RYU
United States Magistrate Judge