United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, *et al.*, | No. C-09-6027 EMC (DMR) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF, AND PLAINTIFFS' MOTION TO REOPEN DISCOVERY** |
| SUNBEAM PRODUCTS, INC., | |
| Defendant. | **(Docket Nos. 86 and 88)** |

## I. INTRODUCTION

Pending before the Court are Plaintiff's motion for relief from an order of Magistrate Judge Ryu excluding two late disclosed witnesses, and Plaintiff's motion to "keep discovery open and extend the non-expert discovery cut off for the limited purpose of completing depositions." Docket Nos. 86, 88. As non-expert discovery closed on August 24, 2012, the latter motion is more properly considered as a motion to re-open discovery. This case is set for a jury trial to start February 2, 2013.

## II. FACTUAL & PROCEDURAL BACKGROUND

This case arises out of a fire that caused the death of Victoria DiSilvestro and badly injured her minor son, Anthony Bookhamer. Anthony Bookhamer, through his grandmother and guardian *ad litem*, Lena Tryon, brought this suit along with other family members and successors in interest to Victoria DiSilvestro's estate. Plaintiffs allege that Defendant's product - whether it was an electric blanket or electric mattress pad appears to be in dispute - was faulty and caused the fire.

The case was originally filed in December 2009, and is set for a jury trial to start February 2, 2013. Non-expert discovery closed on August 24, 2012. Pre-Trial Order, Docket No. 63. Both of these motions concern two witnesses who were disclosed after the close of non-expert discovery. On August 28, Plaintiffs identified several new potential witnesses in a document filed with Defendants, among them John Tryon. Judge Ryu's October 1, 2012 Order Re Joint Discovery Letter, Docket No. 82 (Ryu Order). On September 7, 2012, Plaintiffs served Defendants with an additional supplemental disclosure identifying Vernon Tryon as a potential witness. *Id.* at 2. Both men are brothers of Lena Tryon. *Id.*

Plaintiffs claim the witnesses have information on the questions of whether the Sunbeam product was an electric blanket or mattress pad, and of whether Victoria DiSilvestro disabled smoke detectors in her home. Pl.'s Mot. for Relief at 2. Plaintiffs state that they did not know that Vernon and John had potentially relevant information prior to the close of discovery because Lena Tryon did not remember that they had visited Victoria prior to her death. *Id.* at 5. Plaintiffs' counsel had apparently interviewed John on August 22, 2012, but for some reason that is unclear, they did not determine that he had information subject to disclosure until August 28. *Id.* Lena first discovered that Vernon had been to visit Victoria on August 24, 2012. *Id.* Again, for reasons that are not clear in Plaintiff's motion, it was not until September 7, 2012, "after further discussion with Vernon," that Lena became aware that he had information about an electric blanket at Victoria's home, and gave this information to Plaintiffs' counsel. *Id.*

Plaintiffs state in their brief that "[t]his level of detailed information about what Plaintiffs or their counsel knew before August 24 was not provided to Judge Ryu" at the September 27, 2012 hearing on this issue because "Plaintiffs did not have all of the information with them at the hearing." *Id.* Plaintiffs' motion provides no further information on why they did not have this information available to them at the time of the hearing before Judge Ryu. Defendants dispute that this information is new, and say that Plaintiffs present only the same facts that they earlier gave in a joint letter and at the hearing. Def. Opp. to Mot. for Relief at 7.

2

1 At the hearing, Judge Ryu granted Defendant's motion to exclude the testimony of John and
2 Vernon Tryon. The basis for this ruling will be discussed further below. Plaintiffs filed a motion
3 for relief from Judge Ryu's order on October 5, 2012.

4 Also on October 5, Plaintiffs filed a motion to extend the non-expert discovery deadline for
5 the purpose of conducting additional depositions. Pl.'s Mot to Keep Discovery Open, Docket No.
6 88. They specifically identify John Tryon, Vernon Tryon, Anthony Bookhamer, and Carl
7 Bookhamer (Anthony's grandfather) as witnesses whose depositions need to be taken. *Id.* at 1. On
8 October 22, Judge Ryu issued an order allowing the late deposition of Carl Bookhamer. Docket No.
9 106.

10 The deadlines for initial and rebuttal expert reports were September 14, and October 5, 2012,
11 respectively. Non-expert discovery is set to close on November 2, 2012, and the last day to hear
12 dispositive motions is November 30, 2012. The last day to file dispositive motions is October 26.
13 The final pre-trial conference is set for January 22, 2013.

### III. DISCUSSION

A. Motion for Relief from Judge Ryu's Order Excluding Witnesses

When a party objects to a non-dispositive ruling of a magistrate judge, that party may request relief from the district court judge, who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(A) (district court judge may review orders of magistrate judges "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The rulings of the magistrate are not subject to de novo review. *Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981). A district court may not simply substitute its judgment for the judgment of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Under Rule 26(a) of the Federal Rules of Civil Procedure, parties have an affirmative duty to disclose all individuals with potentially discoverable information that the party may use to support its claims or defenses. Fed. R. Civ. P. 26(a). Parties also have a duty to provide supplementary disclosures when they learn additional information that should have been provided under Rule 26(a).

3

Fed. R. Civ. P. 26(e). Where a party has failed to disclose a witness as required under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Where the exclusion would not amount to dismissal of one or more of the plaintiff's claims, a court need not find that the failure to disclose was in bad faith before excluding the witness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

In determining whether the failure to timely disclose a witness was substantially justified, the court weighs five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it failure to disclose the evidence.

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011). Judge Ryu's order considered the five factors and concluded that, on balance, they favored excluding the testimony of John and Vernon Tryon. *See Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D.Cal. 2005). *Cf. R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247-48 (9th Cir. 2012).

For the first factor, Judge Ryu found that it weighed in favor of excluding the testimony, as defendants had no indication that John and Vernon might have discoverable information prior to the close of non-expert discovery. Ryu Order at 4. Plaintiffs do not dispute this finding. Pl.'s Mot. for Relief at 1.

Judge Ryu also found that the second factor weighed in favor of excluding the testimony as the date for expert reports was then fast approaching, and "Defendant therefore would have little time to compensate for the tardiness of the Tryons' disclosure before the summary judgment process begins." Ryu Order at 4. Plaintiffs dispute this finding, and argue that their motion to re-open discovery cures any prejudice to Defendant. Mot. for Relief at 1. They note that Defendant has only one witness testifying as to whether the product was a mattress pad or blanket, Richard Prins, and that his deposition is not scheduled until October 23, 2012. *Id.* Plaintiffs also stipulate that it would allow Sunbeam to amend any expert reports. *Id.* Plaintiffs state that expert depositions "will not be

4

completed by the initial deadline of November 2, and will likely be completed a month or so afterwards." *Id.* They point to nothing in the record excusing them from the originally set expert discovery cut off on November 2, 2012. *See* January 25, 2012 Case Management and Pretrial Order (Docket No. 63). Defendants do not address this point in their opposition.

Plaintiffs further argue that the impending summary judgment deadlines do not create prejudice to Defendant, even though the deadline to file the summary judgment motion is October 26, 2012. Plaintiffs state that Defendant "can take the depositions now or before the hearing," or that the hearing date can be delayed. Pl.'s Mot. for Relief at 4.

Plaintiffs' arguments fail to show that Judge Ryu's finding that the surprise was prejudicial to Defendant was "clearly erroneous or contrary to law." If anything, the time that has passed since her order made all the more clear that Defendant would have difficulty curing the surprise of the late-disclosed witnesses given the current discovery and dispositive motion deadlines. Even with the expedited briefing schedule that the parties stipulated for this motion, the reply came in on October 19, 2012, after the deadline for expert reports, just one week before the deadline for filing a motion for summary judgment, and two weeks before the close of expert discovery.

Plaintiffs argue that Defendant can depose John and Vernon between filing their motion for summary judgment and the hearing on the motion, or that the hearing date can be pushed back. As to the first argument, both parties seem to agree that the question of whether the product was a mattress pad or blanket is a critical one, so it seems likely that the testimony of John and Vernon might inform any motion for summary judgment.

As to the second argument, the dispositive motions hearing date is just over two months before the currently set trial date. Pushing the dispositive hearing motion even closer to the trial would not leave much time between any order on summary judgment and the trial date. Given the deadlines that have already passed, and those that are swiftly approaching, Judge Ryu's finding that Defendant could not easily cure the surprise of the late-disclosed witnesses was not clearly erroneous.

Judge Ryu found that the third and fourth *Baykeeper* factors weighed against excluding the testimony of the witnesses. As the trial is not until early February, she found that John and Vernon's testimony "would cause little disruption in the actual trial." Ryu Order at 4. She also found that

5

their testimony went "directly to a key aspect of the case." *Id.* Plaintiffs do not dispute these findings.

On the fifth factor, Judge Ryu found that it weighed strongly against allowing John and Vernon's testimony. She found that they "are clients of Plaintiffs' counsel, so counsel has long known of their existence and had access to them." Ryu Order at 5. She noted that counsel admitted at the discovery hearing that they had previously interviewed both John and Vernon, but neglected to ask them the questions that would have lead to uncovering the relevant information. *Id.* Plaintiffs object to this finding, arguing that they disclosed John and Vernon to Defendant as soon as they were aware that they had discoverable information, and that the disclosures happened soon after the close of discovery. Plaintiffs do not dispute Judge Ryu's finding that Plaintiffs' counsel long knew of and had access to both men, nor that they had previously interviewed them both.

Plaintiffs distinguish cases excluding witnesses where the disclosure of the witnesses was much later - months after the discovery cut off or even on the eve of trial. Pl.'s Mot. for Relief at 4-5 (citing *Ollier v. Sweetwater Union High School Dist.*, 267 F.R.D. 339, 343-45 (S.D. Cal. 2010); *Green v. Baca*, 226 F.R.D. 624, 654-56 (C.D. Cal. 2005); *D.L. v. The Unified School Dist. # 497*, 270 F. Supp. 2d 1217, 1233-35 (D. Kan. 2002)). As the late disclosure in the case at bar was less extreme than in those cases, they argue that "Judge Ryu's ruling is clearly erroneous given the findings in those other cases." *Id.* Judge Ryu does not rely on these cases, however, and Plaintiffs point to nothing in those cases indicating that it is never proper to exclude late-disclosed witnesses disclosed shortly after the close of discovery.

Plaintiffs also argue that the information that they provide in the instant motion provides a "level of detailed information about what Plaintiffs or their counsel knew before August 24 [that] was not provided to Judge Ryu at the hearing." Pl.'s Mot. for Relief at 5. Defendants correctly point out, however, that the information in Plaintiffs' motion about how and when they discovered that John and Vernon had relevant information was also included in the joint letter to Judge Ryu on September 11, 2012 (Docket No. 76 at 7) and discussed at the September 27, 2012 hearing (Docket No. 90 at 24-26). Plaintiffs' representations on this front are thus simply incorrect.

6

Plaintiffs provide no new information excusing their late disclosure of John and Vernon, and do not dispute Judge Ryu's findings that they had long known of and had access to both men and simply failed to ask them the relevant questions in previous interviews. Under these circumstances, Judge Ryu's finding that the fifth factor strongly weighed in favor of excluding the witnesses cannot be said to be "clearly erroneous or contrary to law."

Having found that three of the five factors favored excluding the testimony of John and Vernon Tryon, Judge Ryu concluded that excluding the witnesses was an appropriate sanction under Rule 37, as the late disclosures were "neither harmless nor substantially justified." Ryu Order at 3, 5. Plaintiffs do not dispute this finding independent of their objections to Judge Ryu's findings on the individual factors.

Plaintiffs have failed to demonstrate the Judge Ryu's findings are "clearly erroneous or contrary to law." Accordingly, Plaintiffs' Motion for Relief from her order excluding the testimony of John and Vernon Tryon is **DENIED**.

B.      Motion to Re-Open Discovery

Plaintiffs move to re-open non-expert discovery for the limited purpose of conducting the depositions of John Tryon, Vernon Tryon, Anthony Bookhamer, and Carl Bookhamer. Defendants object that the motion to re-open as to John and Vernon Tryon is an improper collateral attack on Judge Ryu's order excluding their testimony, and that the motion as to Anthony and Carl Bookhamer lacks good cause as Plaintiff refused to produce either for deposition prior to the discovery cut off.

On October 22, 2012, Judge Ryu issued an order allowing the deposition of Carl Bookhamer to proceed. Given that order and this Court's denial of Plaintiff's motion for relief from Judge Ryu's order excluding the testimony of John and Vernon Tryon, the only outstanding deposition remaining as a basis for this motion is that of Anthony Bookhamer.

1.      Contentions of the Parties

Plaintiffs argue that Anthony's deposition should be allowed to proceed because Defendants have long known that he had discoverable information, and that the only reason why he was not previously deposed was that his therapists have only recently informed Plaintiffs' counsel that a

7

deposition would not re-traumatize him. Anthony Bookhamer, now 9 years old, was 6 at the time of the fire that killed his mother and left him badly burned. Joint Case Management Statement of January 13, 2012, Docket No. 59. Whether he could be deposed, and the subjects covered in any deposition, have been in dispute for some time. *Id.*

At a May 2, 2011 case management conference, the parties discussed deposing Anthony, and agreed to first depose one of his mental health providers to determine whether he could be deposed without re-traumatizing him and interfering with his mental health treatment. Docket No. 49 at 12-13. Judge Patel, to whom the case was then assigned, did not designate which of the two providers Anthony was then seeing the parties should depose, but left that up to the parties to decide. *Id.* at 12. While Judge Patel did not explicitly order that Anthony not be deposed without approval from his mental health providers, she stated at the hearing, "with respect to the child and the testimony, I think, first what you have to hear from the psychiatrist about all of that and only to see whether that is really suitable to even do." *Id.* at 13. The minute order after this CMC orders Plaintiffs to turn over the medical records to Defendant, but makes no further mention of deposing Anthony or his mental health providers. Docket No. 44. As of January 2012, Defendant had deposed Anthony's former mental health provider, Dr. Hong Shen, and issued a subpoena for records from a new mental health provider. *Id.*

As of the August 17, 2012 case management statement, Plaintiffs represented that they were still relying on the December 2011 opinion of Dr. Shen that a deposition would be detrimental to Anthony, but stated that this fact did not preclude his testimony at trial. Docket No. 68 at 14. Importantly, as of August 17, 2012, it was Plaintiffs' position that Anthony was not available for a deposition.

Plaintiffs claim Defendant was aware of Anthony's new mental health provider but had failed to subpoena the records, apparently implying it was up to Defendant to discover that Anthony was now able to give a deposition. *Id.* Defendant objected to Anthony's testimony at trial since Plaintiffs had been unwilling to produce him for a deposition. *Id.* at 15. Defendant represented that it was not provided with the identity of the new mental health provider and had thus been unable to subpoena those records. *Id.* at 15-16.

8

The first indication that Plaintiffs were willing to produce Anthony for "a limited deposition with precautionary measure [sic] in place" was not until a joint letter to Judge Ryu on certain discovery disputes on September 11, 2012. Docket No. 76. However, Plaintiffs offered no explanation for their changed position. *Id.* In the instant motion to re-open discovery, Plaintiffs represented that they changed their position because they spoke with Anthony's mental health providers after the August 24, 2012 CMC and were told that a deposition could proceed with reasonable precautions in place. Pl.'s Mot. to Re-Open Discovery at 5. Plaintiffs offer no evidence of this communication with Anthony's current mental health providers, nor of the reason for the change. They do not submit a record of the communication with the mental health providers, or even a declaration of the mental health providers or Plaintiffs' counsel. Plaintiffs further do not indicate whether the change just occurred recently or whether this was information previously available to but simply not discovered by Plaintiff's counsel until now. In short, there is nothing to explain the change in Plaintiffs' position first announced in September after their long standing position that they would not present Anthony for deposition; nor is there anything suggesting that Defendant was at fault for not discovering this change.

Plaintiff also makes more general arguments that discovery is still ongoing because the parties have stipulated to allow late discovery on certain issues. For example, the parties have stipulated that the deposition of Richard Prins, Defendant's Senior Product Safety Engineer and Defendant's only witness on the identity of the product, will take place on October 23. Pl.'s Mot. to Re-Open Discovery at 2. Plaintiffs state that Defendants have also agreed to allow Plaintiffs to produce their expert report late, on October 26. *Id.* at 3. Plaintiffs further state that Defendants have failed to produce certain documents about the electric blanket, and that they are raising the matter with Judge Ryu. *Id.* Defendants contend that the discovery related to Mr. Prins and to Anthony's treating physicians is occurring late by stipulation and order of the court, and that it is thus not a basis for re-opening discovery for Anthony's deposition. Def. Opp. to Mot. to Re-Open Discovery at 7. Defendant further disputes that it has improperly withheld any documents, states that Plaintiffs failed to bring a timely motion to compel regarding said documents, and argues that in any case, this dispute is irrelevant to whether Plaintiffs' motion to re-open discovery should be granted. *Id.* at 8.

9

1  In any event, the Court is not convinced that the matters still open justify opening discovery relating
2  to Anthony.

### 2. Analysis on Re-Opening Discovery

Pretrial deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether there is good cause to re-open discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other grounds*, 520 U.S. 939, 117 S. Ct. 1871, 138 L. Ed. 2d 135 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)).

The first of these factors weighs slightly against the re-opening discovery. The trial in this case is not set to begin until February 2, 2013. As discussed above, however, a number of discovery and pre-trial deadlines are imminent. It would be difficult to complete Anthony's deposition without further altering the deadlines for discovery and for hearing dispositive motions.

The second and third factors weigh against re-opening discovery. Defendant opposes the motion to re-open discovery. With certain exceptions, expert reports have already been prepared and exchanged, and expert discovery is set to close on November 2, 2012. The exceptions to the current discovery deadlines discussed above do not support Plaintiffs' argument that discovery is still ongoing in a more general sense, as those exceptions are limited and by stipulation of the parties and order of the court. Defendant's motion for summary judgment is also due filed on October 26, 2012. Re-opening discovery at this point to allow Anthony's deposition would thus prejudice Defendant.

The fourth factor is weighs against re-opening discovery. While it appears that neither party was diligent in seeking this discovery, Plaintiffs are far more culpable that Defendant. Plaintiffs clearly knew of and had access to Anthony's mental health providers. As late as August 17, 2012, however, they continued to rely on the December 2011 opinion of Dr. Shen to justify their refusal to produce Anthony for a deposition. They do not appear to have sought an updated opinion until after the close of non-expert discovery, when they desired to make the case that discovery should be re-opened. Further, they offer no evidence of this updated opinion in support of their motion; they

11

1  offer this Court only unsupported assertions that Plaintiffs' counsel received this updated opinion
2  from the current mental health providers sometime between August 24 and September 11, 2012.
3  They make no representation that this new opinion was due to a recent change in Anthony's
4  condition as opposed to Plaintiffs' counsel's lack of diligence.

5  The fifth factor weighs against re-opening discovery, as the potential need to depose Anthony
6  was entirely foreseeable, was the subject of an ongoing dispute between the parties, and the parties
7  had ample time for discovery.

8  The sixth factor weighs in favor of re-opening discovery. It appears that Anthony is the only
9  living witness to the events that occurred on the day of the fire, and that he may have information
10 about the product that started the fire, how it was used, and whether the smoke detectors in the home
11 were disconnected. It thus seems likely that he would have information relevant to disputed issues
12 in this case.

13 Together, these factors weigh against a finding that there is good cause to re-open discovery to
14 allow the deposition of Anthony Bookhamer. Thus, Plaintiff's motion to re-open discovery is
15 **DENIED.**

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Relief from her order excluding the testimony of John and Vernon Tryon, and **DENIES** Plaintiffs' motion to re-open discovery to allow the depositions of John Tryon, Vernon Tryon, Carl Bookhamer, and Anthony Bookhamer.

This order disposes of Docket Nos. 86 and 88.

IT IS SO ORDERED.

Dated: October 23, 2012

_____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE