UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, | No. C 09-06027 EMC (DMR) |
| Plaintiff(s), | **ORDER RE PARTIES' JOINT DISCOVERY LETTER [DOCKET NO. 91]** |
| v. | |
| SUNBEAM PRODUCTS INC, | |
| Defendant(s). | |

    This case arises out of a fire, which led to the death of Victoria DiSilvestro. One of her sons, Plaintiff Anthony Bookhamer, was severely injured in the incident. On December 23, 2009, Plaintiffs filed this suit, alleging multiple causes of action based upon the assertion that Defendant Sunbeam Products Inc.'s allegedly defective electric mattress pad ignited the lethal fire.

    On October 10, 2012, the parties filed a joint discovery letter regarding Plaintiffs' motion to compel the production of documents relating to electric blankets in response to 58 requests for production. Defendant has already produced documents concerning electric mattress pads.

    Plaintiffs concede, and the record demonstrates, that the issue of whether Plaintiffs are entitled to discovery relating to electric blankets arose as early as the May 2, 2011 case management conference before the Honorable Marilyn H. Patel. (*See* Hr'g Tr. 21:19-22:1 May 2, 2011.) Plaintiffs also aver that the same dispute interfered with its deposition of Defendant's Senior Product Safety Engineer, Richard Prins, on May 26, 2012. Plaintiffs nevertheless waited until October 10,

2012 to seek redress from this court. To justify this delay, Plaintiffs attempt to misplace the blame for their not having taken affirmative steps to obtain these documents by saying that Defendant effectively led them on. [*See, e.g.*, Docket No. 91 at 5 ("Sunbeam did not state that it was definitely not going to produce the blanket documents during the process of trying to set Mr. Prins' further deposition.").] These excuses are not compelling.

Non-expert discovery closed on August 24, 2012, [Docket Nos. 63, 107 at 1], and the Honorable Edward M. Chen has declined to reopen discovery. [Docket No. 107.] Plaintiffs therefore had until August 31, 2012 -- seven days after the non-expert discovery cut-off -- to file a joint discovery letter. *See* N.D. Cal. Civ. L.R. 37-3. Plaintiffs do not provide any convincing argument that they were somehow prevented or deterred from filing a timely motion to compel. Because they filed the present letter well after the discovery motion deadline, even though they knew of the dispute for well over a year, and have shown no good cause for so doing, the court denies Plaintiffs' motion as untimely.

IT IS SO ORDERED.

Dated: October 23, 2012

DENIED
Judge Donna M. Ryu

_____
DONNA M. RYU
United States Magistrate Judge

2