UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, | No. C 09-06027 EMC (DMR) |
| Plaintiff(s), | **ORDER RE PARTIES' JOINT DISCOVERY LETTER [DOCKET NO. 114]** |
| v. | |
| SUNBEAM PRODUCTS INC, | |
| Defendant(s). | |

Defendant Sunbeam Products, Inc. moves pursuant to Federal Rule of Civil Procedure 37(c)(1) to strike certain of Plaintiffs' non-retained expert witnesses. Plaintiffs oppose the motion. The court held a hearing on this dispute on November 29, 2012. This order memorializes the rulings made during the hearing.

**I. Background and the Current Dispute**

This case arises out of a fire, which led to the death of Victoria DiSilvestro. One of her sons, Plaintiff Anthony Bookhamer, was severely injured in the incident. Plaintiff Lena J. Tryon, his maternal grandmother and mother of the decedent, serves as the personal representative of Victoria DiSilvestro's estate. Plaintiffs Charles T. Martin, Jr. and Carl DiSilvestro are successors in interest to the estate. On December 23, 2009, Plaintiffs filed this suit against Defendant, alleging multiple causes of action based upon the assertion that Defendant's allegedly defective electric mattress pad ignited the lethal fire. [*See* Docket Nos. 1, 32.]

On the September 28, 2012 deadline set by the Hon. Edward M. Chen, Plaintiffs served Defendant with their expert disclosures ("Initial Expert Disclosures"). Plaintiffs' Initial Expert Disclosures listed 71 non-retained experts. According to Defendant, these Initial Expert Disclosures failed to conform to the requirements of Federal Rule of Civil Procedure 26(a)(2)(C). Specifically, for all but one witness, the disclosures did not include the subject matter of the non-retained expert witnesses' testimony, nor did they provide a summary of the facts and opinions about which each non-retained expert would testify. Plaintiffs served amended expert disclosures ("Amended Expert Disclosures") on October 30, 2012, this time naming 78 non-retained experts. Defendant avers that the Amended Expert Disclosures continued to fall short of the Rule 26(a)(2)(C) requirements; although Plaintiffs provided some of the subject matter to be addressed by each non-retained expert, they did not provide any summaries of facts and opinions. Moreover, Plaintiffs impermissibly added eight non-retained experts who did not appear in the Initial Expert Disclosures. On November 5, 2012 -- which was 38 days after the expert disclosure deadline, and three days after the close of expert discovery, [*see* Docket No. 63 at 2] -- Plaintiffs served Defendant with second amended expert disclosures ("Second Amended Expert Disclosures"), which narrowed the designations to 33 non-retained experts. The designated individuals are all first responders, law enforcement, and medical personnel who were involved in the fire and its aftermath, or people who have provided subsequent treatment or education to Anthony Bookhamer. According to Defendant, the Second Amended Expert Disclosures still do not comply with Rule 26(a)(2)(C) in that they do not uniformly identify the opinions about which each designated non-retained expert is expected to testify.

Plaintiffs respond that the court should not strike any of its designated non-retained experts. They argue that Defendant has long known of nearly all of Plaintiffs' experts, because Defendant has possessed the records and reports that will form the bases for these witnesses' testimony for over two years. Plaintiffs further assert that Defendant also has long-standing knowledge of the non-retained experts' opinions on the various matters about which they will testify, and could have deposed them if it had so wanted.

Defendant now moves pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure for sanctions prohibiting any expert opinion evidence from 72 of the 78 non-retained experts listed in

2

the Amended Expert Disclosures on the grounds that (1) the Second Amended Expert Disclosures were untimely, making the Amended Expert Disclosures the operative document, and (2) the original and Amended Expert Disclosures failed to comply with Rule 26(a)(2)(C)(ii).  Defendant does not object to the testimony of Jim Smith, Dieter Schmidt, Rick Prins, Steven Wakefield, Dr. Hong Shen, and Michael Knight due to a prior stipulation between the parties.

## II. Applicable Law

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure governs the disclosure of expert witnesses who are not required to provide a written report for their testimony.  The Rule requires that the disclosures state "(i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).  Rule 26(e) obligates a party who has made such disclosures to supplement or correct them "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P 26(e)(1).  A party must "supplement and/or correct [its] disclosures promptly when required under th[e] Rule, without the need for a request from opposing counsel or an order from the Court."  *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846 LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012) (citation omitted); *see Hogan v. Robinson*, No. 03-CV-6408, 2007 WL 1452790, at *7 (E.D. Cal. May 15, 2007).

If a party fails to comply with the disclosure requirements of Rule 26(a) or (e), pursuant to Rule 37(c)(1), "'the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial.'"  *Vnus Med. Techs., Inc. v. Biolitec*, No. 08-3129 MMC (JL), 2010 WL 2629714, at *2 (N.D. Cal. June 29, 2010) (quoting Fed. R. Civ. P. 37(c)(1)) (citations omitted).  The Advisory Committee Notes clarify that Rule 37(c)(1) "is a self-executing provision . . . without need for a motion to compel sanction.  This is true even if in the absence of a showing of bad faith or willfulness."  *Todd v. LaMarque*, No. 03-3995 SBA, 2007 WL 3168272, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)); *see Apple, Inc.*, 2012 WL 3155574, at *4 ("A court need not find bad faith before imposing

sanctions for violations of Rule 37(c)(1)."). Rule 37 provides for two exceptions to imposition of the sanction: "the information may be introduced if a party's failure to disclose the required information is substantially justified or harmless." *Todd*, 2007 WL 3168272, at *1 (citing *Yeti by Molly Ltd.*, 259 F.3d at 1106); *accord Vnus Med. Techs., Inc.*, 2010 WL 2629714, at *2. The party facing sanctions has the burden of proving justification or harmlessness. *Apple, Inc.*, 2012 WL 3155574, at *4; *Todd*, 2007 WL 3168272, at *1 (citing *Yeti by Molly Ltd.*, 259 F.3d at 1107).

### III. Discussion

There are two aspects to this dispute. The first issue is whether Plaintiffs failed to timely disclose the identities of the non-retained experts, and if so, whether the failure is excusable as substantially justified or harmless. The second issue is whether Plaintiffs' failure to timely provide the substantive information required by Rule 26(a)(2)(C) as to each non-retained expert was substantially justified or harmless.

With respect to the first issue, Plaintiffs filed timely Initial Expert Disclosures in which they identified all but three of the 33 non-retained experts designated in their Second Amended Expert Disclosures. The three non-retained experts whom Plaintiff identified after the September 28, 2012 expert disclosure deadline are David Hopkins, Shalaam Shabazz, and Sandra Saunders, M.D. During the hearing, Plaintiffs conceded that the omissions of Hopkins and Saunders were oversights. However, Plaintiffs argued that the omissions were harmless, because Plaintiffs provided Defendant with documents two years before the expert disclosure deadline that sufficiently alerted Defendant to the witnesses' existence and to the subject matter about which they likely would testify. As to Shabaaz, he is Anthony Bookhamer's current therapist, who recently replaced his predecessor. Plaintiffs did not learn Shabazz's identity until after the expert disclosure deadline. At the hearing, Defendant conceded that it had knowledge of all three of these individuals through discovery. Therefore, the court finds that Plaintiffs' failure to timely disclose the identities of Hopkins and Saunders was harmless, and that their late disclosure of Shabazz was substantially justified.

Turning to the second issue, the court finds that Plaintiffs' failure to timely provide fully compliant disclosures was not substantially justified and did result in some harm. However, the harm can be remedied, as discussed below. Therefore, the court declines to impose Rule 37(c)(1)'s

witness preclusion sanction. To begin with, the court notes that the substantive information contained in the Second Amended Expert Disclosures, while far from perfect, is in substantial compliance with Rule 26(a)(2)(C). Although Plaintiffs served the Second Amended Expert Disclosures after the close of expert discovery, Defendant received them more than 90 days before the February 4, 2013 trial. Defendant thus has adequate time to conduct further expert discovery before trial, and will not be unduly prejudiced by the delay. *Cf.* Fed. R. Civ. P. 26(a)(2)(D)(i) (stating that absent stipulation or court order, expert disclosures must be made at least 90 days before date set for trial). However, Plaintiffs' failure to provide compliant disclosures did cause some harm to Defendant. The substantive disclosure requirements of Rule 26(a)(2)(C) ensure that the opposing party receives critical information that it can use to make important strategic decisions. Plaintiffs' Initial Disclosures were unequivocally non-compliant in that they provided little or no information about the non-retained experts beyond their identities. Defendants should not be faced with the burdensome prospect of taking up to 33 depositions -- some which must take place out of state -- in a relatively limited amount of time. In addition, on a more pragmatic note, Judge Chen has scheduled this case for a ten-day jury trial, which will provide each side with approximately 12 hours for testimony. Given that Plaintiffs likely will call numerous percipient witnesses and have already identified six retained experts, it will be impossible for them to call an additional 33 non-retained experts. The court therefore orders that by December 6, 2012, Plaintiffs shall narrow their non-retained experts to seven and provide Defendant with disclosures that fully comply with Rule 26(a)(2)(C).[1] Furthermore, expert discovery shall remain open for the purpose of allowing Defendant to depose the seven non-retained experts selected by Plaintiffs, should Defendant opt to do so.[2] Finally, as noted by the court during the hearing, nothing in this order shall be construed as a

---

[1] Pursuant to an earlier stipulation between the parties, this order does not affect Plaintiffs' ability to call Jim Smith, Dieter Schmidt, Rick Prins, Steven Wakefield, Dr. Hong Shen, or Michael Knight as non-retained experts.

[2] The authority to alter case management dates, such as the expert discovery deadline, rests with the trial judge. In this instance, the undersigned obtained approval from Judge Chen to extend this deadline for the stated purpose.

ruling that the individuals designated by Plaintiffs are actually qualified as non-retained experts or that they shall otherwise be permitted to testify at trial.

IT IS SO ORDERED.

Dated: November 30, 2012



DONNA M. RYU
United States Magistrate Judge