United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOOKHAMER, *et al.*, | No. C-09-6027 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL** |
| SUNBEAM PRODUCTS, INC., | |
| Defendant. | **(Docket No. 163)** |
| _____/ | |

This case arises out of a fire that caused the death of Victoria DiSilvestro and badly injured her minor son, Anthony Bookhamer. Anthony Bookhamer, through his grandmother and guardian *ad litem*, Lena Tryon, brought this suit along with other family members and successors in interest to Victoria DiSilvestro's estate. Plaintiffs allege that the fire was caused by a faulty electric mattress pad manufactured by Defendant.

Pending before the Court is Defendant's motion to bifurcate the damages and liability phases of the upcoming trial in this matter. The jury trial is set to start February 2, 2013.

## I. DISCUSSION

Rule 42 of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Under Rule 42(b), a district court has broad discretion in determining whether to bifurcate a trial. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) ("Rule 42(b) merely allows, but does not require, a trial court to bifurcate cases"). Defendant argues that bifurcating the trial is

1  appropriate because there is little to no overlap in the evidence for the liability and damages parts of
2  the trial, and because Defendant would be prejudiced if the jury were to hear testimony about
3  Anthony Bookhamer's extensive physical and emotional damages before reaching a verdict on
4  liability.

5  Plaintiff objects to bifurcating the trial, and argues that there is considerable overlap in
6  evidence and witnesses between the two phases of the trial.  For example, Plaintiffs state that several
7  family members may be called to testify both about whether Victoria DiSilvestro habitually disabled
8  her smoke detectors (which goes to liability) and about the relationship between Victoria and her
9  children and about Anthony's injuries (all of which go to damages).  Several of Victoria's neighbors
10 may likewise be called to testify about the same subjects, as well as about their observations the
11 morning of the fire.  Plaintiffs also plan on calling several of Anthony's doctors to testify regarding
12 both the causation (liability) and extent (damages) of Anthony's alleged brain injury.  Plaintiffs state
13 that a number of these witnesses live over 700 miles away, and some of them live out of state.
14 Requiring them to testify twice, therefore, would cause considerable inconvenience and expense.

15 Where, as here, there is an overlap of evidence, issues of liability and damages are generally
16 tried together, and courts minimize the risk of prejudice or confusion with appropriate jury
17 instructions.  *Hangarter*, 373 F.3d at 1021 (finding that district court did not abuse discretion in
18 declining to bifurcate trial on liability and punitive damages).  Any prejudice from allowing the jury
19 to hear the damages evidence prior to a verdict on liability does not outweigh the inconvenience to
20 witnesses and to this Court that would result from bifurcation.  As Plaintiffs point out, liability and
21 damages issues are regularly tried together in cases involving serious injuries to sympathetic
22 plaintiffs.  The Court presumes that the jury will follow the instructions given by the Court.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to bifurcate the trial. This order disposes of Docket No. 163.

IT IS SO ORDERED.

Dated: January 3, 2013

_____
EDWARD M. CHEN
United States District Judge